IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| DeShawn B. Hicks, # 301100,                              ) | Civil Action No. 0:05-354-CMC-BM |
|                                                          ) | |
| Plaintiff,                               ) | **OPINION and ORDER** |
|                                                          ) | |
| v.                                       ) | |
|                                                          ) | |
| NFN (Sgt.) Mendez; NFN (Cpl.) Page;                      ) | |
| NFN (Cpl.) Gregory; NFN (Lt.) Hardwell; and              ) | |
| NFN Faulkenberry (Warden)                                ) | |
| all sued in their individual and official capacities,    ) | |
|                                                          ) | |
| Defendants.                              ) | |
| _____          ) | |

Plaintiff, a state inmate, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983, claiming his constitutional rights were violated in an alleged incident occurring at Kershaw Correctional Institution of the South Carolina Department of Corrections. Plaintiff seeks monetary damages for his alleged injuries. Defendants filed a motion for summary judgment on August 25, 2005. Plaintiff was advised by court order of the summary judgment procedure and possible consequences if he failed to respond adequately to the motion. Plaintiff did not respond to the motion for summary judgment.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation. On February 14, 2006, the Magistrate Judge issued a Report recommending that Defendants' motion for summary judgment, to which Plaintiff chose not to respond, be granted and this case dismissed without prejudice for failure to exhaust administrative remedies. In the alternative, the Magistrate Judge recommends that summary judgment be granted as Plaintiff has not produced sufficient evidence to survive Defendants' motion for summary judgment. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing

objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff has filed no objections and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order to the extent it recommends granting Defendants' motion for summary judgment. Plaintiff has not provided sufficient evidence to survive summary judgment on his federal claims. To the extent Plaintiff raises any state law causes of action, these claims are dismissed without prejudice.

IT IS THEREFORE ORDERED that Defendants' motion for summary judgment is **granted** and this case is dismissed with prejudice as to Plaintiff's federal claims. To the extent Plaintiff

asserts any state law causes of action, these are dismissed without prejudice.[1]

**IT IS SO ORDERED**.

                                                s/ Cameron McGowan Currie
                                                CAMERON MCGOWAN CURRIE
                                                UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 24, 2006

C:\Documents and Settings\arh47\Local Settings\Temp\notes6030C8\~3243746.wpd

---

[1] Plaintiff's complaint makes a non-specific reference to "Plaintiff's State Law Tort Claims." These "claims" are not identified either in the verified complaint or subsequent filings in this court.